ROB BONTA
Attorney General of California
DAVID A. ZONANA
Supervising Deputy Attorney General
GEORGE TORGUN (SBN 222085)
STACY J. LAU (SBN 254507)
Deputy Attorneys General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 879-1973
  Fax:  (510) 622-2270
  E-mail:  Stacy.Lau@doj.ca.gov

*Attorneys for Plaintiff State of California*

*[Additional counsel listed on signature page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, STATE OF NEW YORK, COMMONWEALTH OF PENNSYLVANIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF ILLINOIS, STATE OF MAINE, STATE OF MARYLAND, PEOPLE OF THE STATE OF MICHIGAN, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, STATE OF WASHINGTON, DISTRICT OF COLUMBIA, CITY OF NEW YORK, AND THE BAY AREA AIR QUALITY MANAGEMENT DISTRICT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, and LOUIS DEJOY, in his official capacity as United States Postmaster General,<br><br>Defendants. | Case No. 3:22-cv-02583-JD<br><br>Related Case No. 3:22-cv-02576-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         July 28, 2022<br>Time:        10:00 a.m.<br>Courtroom: 11, 19th floor<br>Judge:       The Honorable James Donato |

1

Joint Case Management Statement– Case No. 3:22-cv-02583-JD

The parties in these related cases submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018, Judge Donato's Standing Order for Civil Cases dated January 5, 2017, and Civil Local Rule 16-9. Undersigned counsel for Plaintiffs and Defendants have discussed the items enumerated in the Court's Standing Order and respectfully submit the following joint statement:

1. Jurisdiction and Service

Plaintiffs contend that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States), 28 U.S.C. § 1346 (civil action against the United States), 39 U.S.C. § 401 (authorizing suits against the Postal Service), and 39 U.S.C. § 409 (suits by and against the Postal Service).

Defendants reserve the right to argue that the Court lacks subject matter jurisdiction over one or more of Plaintiffs' claims, including on standing grounds.

All parties have been served.

2. Facts

These cases challenge the Postal Service's record of decision (ROD) for the purchase of 50,000 to 165,000 next generation delivery vehicles (NGDV). Plaintiffs allege that the final environmental impact statement (EIS) supporting the ROD did not comply with the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 *et seq*.

On January 7, 2022, Defendants released a final EIS, which evaluated, among other alternatives, the Postal Service's Preferred Alternative of procuring "up to 90 percent [internal combustion engine] NGDV with at least 10 percent [battery electric] NGDV." Final EIS iii; *see* 87 Fed. Reg. 994 (Jan. 7, 2022). On February 23, 2022, Defendants signed the ROD, which finalized the agency's decision to implement the Preferred Alternative. *See* 87 Fed. Reg. 14,588 (Mar. 15, 2022).

On April 28, 2022, Plaintiffs CleanAirNow, *et al*. ("NGO Plaintiffs") filed a Complaint challenging the ROD. ECF 1 in Case No. 3:22-cv-02576-JD. Also on April 28, 2022, Plaintiffs State of California, *et al*. ("State Plaintiffs") filed a Complaint challenging the ROD, and filed a First Amended Complaint on June 10, 2022. ECF 1, 79 in Case No. 3:22-cv-02583-JD. The

cases were related on May 10, 2022. ECF 10 in Case No. 3:22-cv-02576-JD; ECF 27 in Case No. 3:22-cv-02583-JD.

3.  <u>Legal Issues</u>

Plaintiffs allege that Defendants' issuance of the Final EIS and ROD was arbitrary and capricious, did not demonstrate reasoned decision-making, exceeded Defendants' statutory authority, and was contrary to the requirements of NEPA and NEPA's implementing regulations.

Defendants dispute these claims.

4.  <u>Motions</u>

On June 15, 2022, Oshkosh Defense, LLC filed a motion for leave to intervene as a defendant. ECF 35 in Case No. 3:22-cv-02576-JD; ECF 82 in Case No. 3:22-cv-02583-JD. Plaintiffs filed statements of nonopposition to this motion on June 29, 2022. ECF 38 in Case No. 3:22-cv-02576-JD; ECF 82 in Case No. 3:22-cv-02583-JD.

There are no other pending motions.

Defendants plan to file a motion with the Judicial Panel on Multidistrict Litigation seeking to consolidate these cases with the other case challenging the same Postal Service action. *See Natural Res. Def. Council v. DeJoy*, No. 1:22-cv-3442 (S.D.N.Y). Defendants are considering moving for a judicial stay of these actions until the completion of the Postal Service's process for supplementing the Final EIS, and the replacement of the challenged ROD with a substantially modified ROD. Paragraph 12 below discusses the supplementation process and the parties' ongoing discussions regarding a stay.

The parties anticipate resolving this matter through cross-motions for summary judgment after filing and service of the administrative record as set forth in the proposed schedule in paragraph 17 below.

5.  <u>Amendment of Pleadings</u>

The Plaintiffs do not currently anticipate any further amendment of the pleadings.

6.  <u>Evidence Preservation</u>

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") regarding reasonable and proportionate steps taken to

3

Joint Case Management Statement– Case No. 3:22-cv-02583-JD

preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer. In this matter, such preservation is limited to that necessary to prepare and file the administrative record.

7. Disclosures

The parties anticipate that this action will be resolved based on Defendants' administrative record for the Final EIS and ROD. Evidentiary disclosures are not required in record review cases, and none are anticipated. Fed. R. Civ. P. 26(a)(1)(B)(i).

8. Discovery

The parties anticipate that this action will be resolved based on Defendants' administrative record for the Final EIS and ROD and that discovery will not be necessary.

9. Class Actions

This case is not a class action.

10. Related Cases

The Court has related Case No. 3:22-cv-02576-JD and Case No. 3:22-cv-02583-JD. In addition, there is a challenge to the same Postal Service action pending in another court. *See Natural Res. Def. Council v. DeJoy*, No. 1:22-cv-3442 (S.D.N.Y).

11. Relief

NGO Plaintiffs ask the Court to: (1) Declare the Postal Service violated NEPA and its implementing regulations in issuing its Final EIS and Record of Decision; (2) Vacate the Postal Service's Final EIS and ROD until Defendants have demonstrated lawful compliance with NEPA and applicable regulations; (3) Issue an order enjoining the Postal Service from any action under its Next Generation Vehicle Acquisition plan until Defendants have demonstrated lawful NEPA compliance; (4) Award Plaintiffs their costs, expenses, and reasonable attorneys' fees; and (5) Provide for such other relief as the Court deems just and appropriate.

State Plaintiffs request that the Court: (1) Issue a declaratory judgment that the Postal Service violated NEPA in issuing the Final EIS and Record of Decision; (2) Issue an order vacating and setting aside the Final EIS and Record of Decision unless and until the Postal Service complies with applicable law; (3) Issue an order enjoining action by the Postal Service

under its Next Generation Vehicle Acquisition Program until it has complied with NEPA; (4) Award Plaintiffs their costs, expenses, and reasonable attorneys' fees; and (5) Award such other relief as the Court deems just and proper.

Defendants dispute Plaintiffs' entitlement to any relief in these cases and therefore oppose the relief sought.

12. <u>Settlement and ADR</u>

On June 10, 2022, the Postal Service issued a Notice of Intent to Prepare a Supplement to the Final EIS, seeking two rounds of comments from interested parties. The deadline for the first round of comments was July 25, 2022. 87 Fed. Reg. 35,581 (June 10, 2022). On July 21, 2022, the Postal Service updated the Notice of Intent based on its "adjustment to the scope of the" Supplemental EIS, and extended the public comment period for the first round of comments to August 15, 2022. 87 Fed. Reg. 43,561 (July 21, 2022). Based on this notice, the parties are currently discussing whether a stay of the litigation is warranted.

The parties have complied with ADR L.R. 3-5. Plaintiffs do not believe that ADR would be productive at this time. Defendants believe that ADR could be useful to achieving a resolution of this lawsuit.

13. <u>Consent to Magistrate Judge for All Purposes</u>

All parties do not consent to have a magistrate judge conduct all further proceedings.

14. <u>Other References</u>

Plaintiffs do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

Defendants agree that the case is not suitable for reference to binding arbitration or a special master. As discussed above, Defendants are contemplating filing a motion with the Judicial Panel on Multidistrict Litigation seeking to consolidate these cases with other cases challenging the same Postal Service action.

15. <u>Narrowing of Issues</u>

The parties do not believe that it is possible to narrow the issues at this time.

16. <u>Expedited Trial Procedure</u>

Because judicial review in this case is based on Defendants' administrative record, the cases should be decided on summary judgment and no trial is expected to occur. The parties agree to and request entry of the summary judgment briefing schedule outlined below.

17. Scheduling

The parties respectfully propose the schedule below:

By August 8, 2022, the parties intend to file a joint motion for a protective order requesting that the Court require the parties to file under seal: (i) portions of the appendix to the parties' motions for summary judgment that contain specific documents in the administrative record that the Postal Service has designated as confidential; and (ii) portions of any motions or memoranda that discuss the contents of documents in the administrative record that the Postal Service has designated as confidential. The parties will file a proposed order with the joint motion.

The Postal Service anticipates filing a certified list of the contents of the administrative record on August 15, 2022. *See, e.g.*, D.D.C. R. 7(n) cmt. (explaining need for similar management procedures in APA actions). The Postal Service is working diligently to compile the certified list and administrative record by that date. If additional time is required to file the certified list, the Postal Service will promptly notify the Court.

Within 5 business days after either the Court rules on the joint motion for a protective order or the Postal Service files the certified list of the contents of the administrative record, whichever is later, the Postal Service will serve two copies of the administrative record on counsel for each Plaintiff via password-protected thumb drive.

The remaining schedule would proceed as follows:

| Deadline | Action |
|---|---|
| 30 days from Defendants serving the administrative record on counsel for Plaintiffs | Any motions to complete or supplement the administrative record, including any motions seeking the preparation and/or submission of a privilege log. |
| 45 days from Defendants serving the administrative record on counsel for Plaintiffs or 30 days after any administrative record-related motions are decided, whichever comes last | Plaintiffs' page-proof Motions for Summary Judgment, which will not exceed 25 pages for each group of Plaintiffs. |

| | |
|---|---|
| 60 days after Plaintiffs file their page-proof motions for summary judgment | Defendants' page-proof Combined Oppositions to Motions for Summary Judgment and Cross-Motions for Summary Judgment, which will not exceed 25 pages for each case. Defendants may choose to file a single brief for both cases, which will not exceed 45 pages. |
| 30 days after Defendants' page-proof Combined Oppositions to Motion for Summary Judgment and Cross-Motions for Summary Judgment | Plaintiffs' page-proof Combined Replies in Support of Motions for Summary Judgment and Oppositions to Cross-Motions, which will not to exceed 25 pages for each group of Plaintiffs. |
| 30 days after Plaintiffs' page-proof Combined Replies in Support of Motions for Summary Judgment and Oppositions to Cross-Motions for Summary Judgment | Defendants' page-proof Combined Replies in Support of Cross-Motion for Summary Judgment, which will not exceed 15 pages for each case. Defendants may choose to file a single brief for both cases, which will not exceed 30 pages. |
| 7 days after Defendants' page-proof Combined Replies in Support of Cross-Motion for Summary Judgment | Plaintiffs file the joint appendix, after consulting with Defendants regarding its contents. |
| 7 days after Plaintiffs file the joint appendix | Parties file final briefs with appendix citations. |
| Earliest available date no sooner than 21 days after filing of final summary judgment briefs | Hearing on Cross-Motions for Summary Judgment |

If necessary, the parties may seek leave to modify the schedule or page limitations.

With regard to the above schedule, State Plaintiffs' and Plaintiff NGO's position is that Defendants should provide a complete, Bates-stamped administrative record to the Court and the parties, and that briefs should cite to the appropriate administrative record page number, without the need for page-proof briefs, the filing of a joint appendix, or the separate filing of final briefs with appendix citations. However, State Plaintiffs and Plaintiff NGOs will comply with this schedule if it is acceptable to the Court.

Defendants request that the Court enter the above schedule. This case will be decided on a voluminous administrative record parts of which contain confidential information that the parties

will be moving the Court to protect.  In the experience of defense counsel, an efficient and straightforward way to manage such cases is for the agency to lodge a certified list of the record with the Court, and for the parties first to file page-proof summary judgments briefs with Bates-numbered citations to the record, next to submit a joint appendix containing parts of the record relevant to the briefing, and then to file final briefs that replace the Bates-numbered citations with appendix citations.  In Defendants' view, that approach will simplify the Court's review:  The final briefs will use short appendix citations (*i.e.*, "JA001") instead of clunky record citations (*i.e.*, "USPS0000001") and the appendix will make it unnecessary to comb through the entire record to locate relevant documents.  That common approach to case management "assist[s] the Court in cases involving a voluminous record" – such as a record that contains an "environmental impact statement[]" (which the record here will include) – "by providing the Court with copies of relevant portions of the record relied upon."  D.D.C. R. 7(n) cmt. (citing authorities).  In addition, that approach has already been adopted by the Southern District of New York, which is currently hearing a challenge to the same Postal Service action.  *See* Civil Case Management Plan And Scheduling Order, *Natural Res. Def. Council v. DeJoy*, No. 22-cv-3442 (June 29, 2022).

As discussed above, Oshkosh Defense, LLC has moved to intervene in this case.  If the Court grants that motion, the parties agree to cooperate to propose a schedule that includes Oshkosh Defense.  The Postal Service cannot file consolidated pleadings with Oshkosh Defense because of concerns unique to federal agency litigants.  Among other things, the Postal Service would not be able to share draft briefs or pleadings with Oshkosh Defense in advance of filing, in part due to the potential for release under the Freedom of Information Act.  If intervention is granted, the parties will propose a staggered briefing schedule that would give Oshkosh Defense sufficient time after the filing of the Postal Service's briefs to avoid duplicative arguments.

18.  Trial

A trial is not anticipated in this record review case.  The parties anticipate that the summary judgment hearing will require 2 to 4 hours.

19.  Disclosure of Non-party Interested Entities or Persons

All required disclosure statements have been filed.

20. <u>Professional Conduct</u>

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

Counsel for the State of California will appear at the case management conference on behalf of all State Plaintiffs.

In compliance with Local Rule 5-1(h), the filer of this document attests that all signatories listed have concurred in the filing of this document.

| | |
|---|---|
| Dated:  July 21, 2022 | Respectfully submitted, |
| ROB BONTA<br>Attorney General of California<br>DAVID A. ZONANA<br>Supervising Deputy Attorney General | LETITIA JAMES<br>Attorney General of New York |
| /s/ *Stacy J. Lau*<br>GEORGE TORGUN<br>STACY J. LAU<br>Deputy Attorneys General<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-1973<br>E-mail:  Stacy.Lau@doj.ca.gov | /s/ *Claiborne E. Walthall*<br>CLAIBORNE E. WALTHALL (*pro hac vice*)<br>Assistant Attorney General<br>New York State Office of the Attorney General<br>Environmental Protection Bureau<br>State Capitol<br>Albany, NY 12224<br>(518) 776-2380<br>claiborne.walthall@ag.ny.gov |
| *Attorneys for Plaintiff State of California* | *Attorneys for Plaintiff State of New York* |
| JOSH SHAPIRO<br>Attorney General of Pennsylvania<br>MICHAEL J. FISCHER<br>Chief Counsel and Executive Deputy Attorney General | KATHLEEN JENNINGS<br>Attorney General of Delaware |
| /s/ *Michael Fischer*<br>AIMEE D. THOMSON (*pro hac vice*)<br>Deputy Attorney General<br>ANN R. JOHNSTON<br>Senior Deputy Attorney General<br>Office of Attorney General<br>1600 Arch Street, Suite 300<br>Philadelphia, PA 19103<br>Telephone: (215) 560-2171<br>Email: mfischer@attorneygeneral.gov | /s/ *Vanessa L. Kassab*<br>CHRISTIAN DOUGLAS WRIGHT<br>Director of Impact Litigation<br>VANESSA L. KASSAB (*pro hac vice*)<br>JAMESON A. L. TWEEDIE<br>RALPH K. DURSTEIN, III<br>Deputy Attorneys General<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) 683-8899 |
| *Attorneys for Plaintiff<br>Commonwealth of Pennsylvania* | *Attorneys for Plaintiff State of Delaware* |
| WILLIAM TONG<br>Attorney General of Connecticut | KWAME RAOUL<br>Attorney General of Illinois |
| /s/ *William E. Dornbos*<br>WILLIAM E. DORNBOS (*pro hac vice*)<br>Assistant Attorney General<br>Office of the Attorney General of Connecticut<br>165 Capitol Avenue<br>Hartford, CT 06106<br>Telephone: (860) 808-5250<br>Email: William.Dornbos@ct.gov | /s/ *Jason E. James*<br>JASON E. JAMES (*pro hac vice*)<br>Assistant Attorney General<br>MATTHEW J. DUNN<br>Chief, Environmental Enforcement/Asbestos Litigation Division<br>Office of the Attorney General<br>69 W. Washington St., 18th Floor<br>Chicago, IL 60602<br>Tel: (312) 814-0660<br>Email: Jason.james@ilag.gov |
| *Attorneys for Plaintiff State of Connecticut* | *Attorneys for Plaintiff State of Illinois* |

| | |
|---|---|
| AARON M. FREY<br>Attorney General of Maine | MATTHEW J. PLATKIN<br>Acting Attorney General of New Jersey |
| /s/ *Jillian R. O'Brien*<br>JASON ANTON<br>PAUL SUITTER<br>JILLIAN R. O'BRIEN, State Bar No. 251311<br>Assistant Attorneys General<br>Six State House Station<br>Augusta, Maine 04333-0006<br>Telephone: (207) 626-8800<br>Fax: (207) 287-3145<br>Email: Jason.Anton@maine.gov<br>Email: Paul.Suitter@maine.gov<br>Email: Jill.Obrien@maine.gov | /s/ *Lisa Morelli*<br>LISA MORELLI, State Bar No. 137092<br>Deputy Attorney General<br>Division of Law<br>25 Market Street<br>P.O. Box 093<br>Trenton, NJ 08625-093<br>Telephone: 609-376-2745<br>Email: lisa.morelli@law.njoag.gov<br><br>*Attorneys for Plaintiff State of New Jersey* |
| *Attorneys for Plaintiff State of Maine* | |
| BRIAN E. FROSH<br>Attorney General of Maryland | HECTOR BALDERAS<br>Attorney General of New Mexico |
| /s/ *Steven J. Goldstein*<br>STEVEN J. GOLDSTEIN (*pro hac vice*)<br>Special Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>Telephone: (410) 576-6414<br>Email: sgoldstein@oag.state.md.us | /s/ *William Grantham*<br>WILLIAM GRANTHAM (*pro hac vice*)<br>Assistant Attorney General<br>201 Third St. NW, Suite 300<br>Albuquerque, NM 87102<br>Telephone: (505) 717-3520<br>E-Mail: wgrantham@nmag.gov<br><br>*Attorneys for Plaintiff State of New Mexico* |
| *Attorneys for Plaintiff State of Maryland* | |
| FOR THE PEOPLE OF THE<br>STATE OF MICHIGAN | JOSHUA H. STEIN<br>Attorney General of North Carolina |
| /s/ *Elizabeth Morrisseau*<br>ELIZABETH MORRISSEAU (*pro hac vice*)<br>Assistant Attorney General<br>Environment, Natural Resources,<br>and Agriculture Division<br>Michigan Attorney General's Office<br>6th Floor, G. Mennen Williams Building<br>525 West Ottawa Street<br>PO Box 30755<br>Lansing, MI 48933<br>Telephone: (517) 335-7664<br>Email: MorrisseauE@michigan.gov | /s/ *Francisco Benzoni*<br>ASHER SPILLER<br>Assistant Attorney General<br>FRANCISCO BENZONI<br>Special Deputy Attorney General<br>114. W. Edenton Street<br>Raleigh, NC 27063<br>Telephone: (919)716-7600<br>Email: fbenzoni@ncdoj.gov<br>aspiller@ncdoj.gov<br><br>*Attorneys for Plaintiff State of North Carolina* |
| *Attorneys for Plaintiff the People of the State of Michigan* | |

Joint Case Management Statement– Case No. 3:22-cv-02583-JD


| | |
|---|---|
| Ellen F. Rosenblum<br>Attorney General of Oregon<br><br>/s/ *Paul Garrahan*<br>Paul Garrahan (*pro hac vice*)<br>Attorney-in-Charge<br>Steve Novick (*pro hac vice*)<br>Special Assistant Attorney General<br>Natural Resources Section<br>Oregon Department of Justice<br>1162 Court Street NE<br>Salem, OR 97301-4096<br>Telephone: (503) 947-4593<br>Email: Steve.Novick@doj.state.or.us<br><br>*Attorneys for Plaintiff State of Oregon* | Robert W. Ferguson<br>Attorney General of Washington<br><br>/s/ *Megan Sallomi*<br>Megan Sallomi, State Bar. No. 300580<br>Assistant Attorney General<br>Environmental Protection Division<br>Washington State Attorney General's Office<br>800 5th Ave Suite 2000,<br>Seattle, WA 98104-3188<br>Telephone: (206) 389-2437<br>Email: Megan.Sallomi@atg.ca.gov<br><br>*Attorney for Plaintiff State of Washington* |
| Peter F. Neronha<br>Attorney General of Rhode Island<br><br>/s/ *Nicholas M. Vaz*<br>Nicholas M. Vaz (*pro hac vice*)<br>Special Assistant Attorney General<br>Office of the Attorney General<br>Environmental and Energy Unit<br>150 South Main Street<br>Providence, Rhode Island 02903<br>Telephone: (401) 274-4400 ext. 2297<br>nvaz@riag.ri.gov<br><br>*Attorneys for Plaintiff State of Rhode Island* | Karl A. Racine<br>Attorney General for the District of Columbia<br><br>/s/ *Adam Teitelbaum*<br>Adam Teitelbaum, State Bar. No. 310565<br>Deputy Director<br>Office of the Attorney General<br>District of Columbia<br>400 6th St. NW<br>Washington, DC 20001<br>Telephone: 202-256-3713<br>Email: Adam.Teitelbaum@dc.gov<br><br>*Attorneys for Plaintiff District of Columbia* |
| Susanne R. Young<br>Attorney General of Vermont<br><br>/s/ *Nicholas F. Persampieri*<br>Nicholas F. Persampieri (*pro hac vice*)<br>Assistant Attorney General<br>Office of the Attorney General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-3171<br>nick.persampieri@vermont.gov<br><br>*Attorneys for Plaintiff State of Vermont* | Hon. Sylvia O. Hinds-Radix<br>Corporation Counsel<br>of the City of New York<br><br>/s/ *Alice R. Baker*<br>Alice R. Baker (*pro hac vice*)<br>Joseph Pepe<br>Senior Counsels<br>New York City Law Department<br>100 Church Street<br>New York, NY 10007<br>Telephone: (212) 356-2314<br>E-mail: albaker@law.nyc.gov<br><br>*Attorneys for Plaintiff City of New York* |

ADAN A. SCHWARTZ
Acting District Counsel

/s/ *Marcia L. Raymond*
MARCIA L. RAYMOND, State Bar No. 215655
Assistant Counsel
Bay Area Air Quality Management District
350 Beale Street, Suite 600
San Francisco, CA 94105
(415) 749-5158
mraymond@baaqmd.gov

*Attorneys for Plaintiff*
*Bay Area Air Quality Management District*

PHIL WEISER
Attorney General of Colorado

/s/ *Eric R. Olson*
ERIC R. OLSON (*pro hac vice*)
Solicitor General
Office of the Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508 6548
Eric.Olson@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ *C. Mitchell Hendy*
C. MITCHELL HENDY
Mayer Brown LLP
350 South Grand Avenue
Los Angeles, CA 90071
(213) 229-9500
mhendy@mayerbrown.com

TIMOTHY S. BISHOP
BRETT E. LEGNER
AVI M. KUPFER
CLARE E. MYERS
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
tbishop@mayerbrown.com
blegner@mayerbrown.com
akupfer@mayerbrown.com
cmyers@mayerbrown.com

MIRIAM R. NEMETZ
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mnemetz@mayerbrown.com

*Counsel for Defendants U.S. Postal Service and Louis DeJoy*