UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEANAIRNOW, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>LOUIS DEJOY, et al.,<br><br>        Defendants. | Case No. 22-cv-02576-JD<br><br>**ORDER RE MOTIONS TO EXTEND STAYS** |
| STATE OF CALIFORNIA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>        Defendants. | Case No. 22-cv-02583-JD |

Plaintiffs in these related cases are States and environmental groups that have sued defendants United States Postal Service and the United States Postmaster General (together, USPS), over an agency action to purchase 50,000 to 165,000 new postal delivery vehicles, ten percent of which must be electric. *See* Dkt. No. 1;[1] *see also State of California v. United States Postal Service*, No. 3:22-cv-02583-JD, Dkt. No. 79 (N.D. Cal. June 10, 2022). Plaintiffs allege that USPS did not adequately assess the environmental impact of the vehicle acquisition program in violation of the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321, *et seq*. Dkt. No. 1 ¶ 1.

---

[1] Unless otherwise noted, all docket number references are to the ECF docket in the *CleanAirNow* action, Case No. 22-cv-02576-JD.

The Court stayed the cases after USPS instituted a request for pretrial consolidation with the Judicial Panel on Multidistrict Litigation, which declined to create an MDL action for these matters. *See* Dkt. Nos. 48, 49, 50. USPS has asked to extend the stays until it completes a supplemental environmental review of the vehicle acquisition program, which it says will result in a new record of decision that will supersede the challenged decision. Dkt. No. 51 at 4-5. USPS expects to finalize the supplemental environmental review in August 2023, and to issue the revised record of decision by October 2023. *Id.* Plaintiffs have asked to lift the stays. Dkt. No. 52. The stays are continued pending further order.

A decision to stay a case looks at (1) the possible harm or prejudice that would result from a stay, (2) the hardship or inequity that a party may suffer in being required to litigate, and (3) whether a stay promotes efficient use of judicial resources. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

All of these concerns weigh in favor of extending the stays. To start, plaintiffs did not demonstrate any possible harm or prejudice from giving USPS a fairly brief period of time to complete a supplemental NEPA review of the purchasing decision. It may be, as plaintiffs suggest, that new delivery vehicles are currently being manufactured, *see* Dkt. No. 52 at 8-9, but the undisputed record indicates that only 5,000 new vehicles will be produced by October 2023, and USPS has represented that it can readily change the electric-gas vehicle mix under its contract. *See* Dkt. No. 55 at 2-3. There is no evidence that USPS will be locked into an arrangement it can't get out of, or that any of this would adversely affect plaintiffs in any way.

In light of the supplemental NEPA review, litigating the current one makes little sense from a judicial resources point of view. Plaintiffs say that there is no guarantee that USPS will complete the review by August 2023, that the review will address plaintiffs' concerns, or that the record of decision will be adopted. *See* Dkt. No. 52 at 12-15. This is just another way of saying no one can predict the future, which is not a reason to disregard the concrete facts that favor extending the stays. If it turns out that USPS cannot meet the August 2023 deadline, plaintiffs may ask the Court to revisit the stays.

1   The parties are directed to file joint status reports every 90 days, with the first due by May 1, 2023.

**IT IS SO ORDERED.**

Dated: February 2, 2023

JAMES DONATO
United States District Judge