UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEANAIRNOW, et al.,<br>        Plaintiffs,<br>    v.<br>LOUIS DEJOY, et al.,<br>        Defendants. | Case No.  22-cv-02576-JD<br><br>**ORDER RE MOTIONS TO INTERVENE** |
| STATE OF CALIFORNIA, et al.,<br>        Plaintiffs,<br>    v.<br>UNITED STATES POSTAL SERVICE, et al.,<br>        Defendants. | Case No. 22-cv-02583-JD |

For the requests to intervene in these related cases under Federal Rule of Civil Procedure 24 by Oshkosh Defense, LLC, intervention of a right is denied. Dkt. No. 35;[1] *State of California v. United States Postal Service*, No. 3:22-cv-02583-JD, Dkt. No. 82 (N.D. Cal. June 15, 2022). The Court assumes that the first three elements of the pertinent four-factor test have been satisfied. *See Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). With respect to the fourth element, Oshkosh has not shown that they will not be adequately represented by existing parties, namely the United States defendants. *See id.*

---

[1] Unless otherwise noted, all docket number references are to the ECF docket in the *CleanAirNow* action, Case No. 22-cv-02576-JD.

1  Because Oshkosh and the government share the same ultimate objective of upholding the challenged vehicle acquisition program, and the government is already acting in this litigation on behalf of that common interest, Oshkosh was required to make a "'very compelling showing'" based on evidence to rebut the presumption of adequacy. *Id.* (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Oshkosh did not proffer convincing facts to that end, and it certainly did not make a compelling showing of inadequacy. This is not a case where the record demonstrates a potential unwillingness or reluctance on the government's part to give its all in seeking to uphold the challenged record of decision. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899-900 (9th Cir. 2011).

Permissive intervention is granted in the Court's discretion. Fed. R. Civ. P. 24(b)(1)(B). Plaintiffs and the government do not object to intervention. *See* Dkt. No. 38; *State of California*, No. 3:22-cv-02583-JD, Dkt. No. 87 (N.D. Cal. June 29, 2022). The Court finds that the elements warranting permissive intervention are satisfied, and grants Oshkosh permissive intervention in both cases. *See Freedom from Religion Found., Inc. v. Geither*, 644 F.3d 836, 843 (9th Cir. 2011) (permissive intervention elements).

For all status reports while the litigation remains stayed, the parties and Oshkosh are directed to submit single, joint filings. The Court will evaluate the need to impose conditions on Oshkosh's permissive intervention to avoid undue delay or unfair prejudice to the original parties as warranted after the stays are lifted. *See* Fed. R. Civ. P. 24(b)(3); *City of Oakland*, 960 F.3d at 619-20 (Court has "wide latitude" to impose conditions on permissive intervention.).

**IT IS SO ORDERED.**

Dated: February 2, 2023

JAMES DONATO
United States District Judge