UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEANAIRNOW, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>LOUIS DEJOY, et al.,<br><br>            Defendants,<br><br>OSHKOSH DEFENSE, LLC,<br><br>            Intervenor-Defendant | **DECLARATION OF MARTIN R. PETREY IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF DEFENDANT-INTERVENOR'S MOTION TO SEAL PORTIONS OF DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**<br>Honorable Rita F. Lin<br><br>Case Nos. 3:22-cv-02576-RFL<br>            3:22-cv-02583-RFL |
| STATE OF CALIFORNIA, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>            Defendants,<br><br>OSHKOSH DEFENSE, LLC,<br><br>            Intervenor-Defendant. | |

   I, Martin R. Petrey, hereby declare

   1.   I am currently the Senior Director, Facilities and Fleet Acquisition Portfolio for the United States Postal Service and was officially appointed in July 2018. I have been with the Postal Service for almost 36 years, beginning my postal career as an Architect-Engineer in 1988. Since that time, I have held various positions in Facilities and Supply Management, including Facilities

1

1. Project Manager in multiple locations, Manager, Design & Construction in multiple locations, Purchasing & Supply Management Specialist and Team Lead for the Western Facilities Construction Category Management Team and Executive Manager, Facilities Construction Category Management Center, and have been a warranted Contracting Officer since 2005.

2. As the Senior Director, Facilities and Fleet Acquisition Portfolio, I am responsible for commercial-off-the-shelf vehicle acquisition initiatives, vehicle parts and maintenance, vehicle rental and leasing, Next Generation Delivery Vehicles (NGDVs), and many other vehicle-related initiatives, as well as all facilities-related design and construction contracting activity and the acquisition of all post-occupancy facility services and contracted utilities.

3. As Senior Director, Facilities and Fleet Acquisition Portfolio I am responsible for the leadership, management, and oversight of the contracting officer that is responsible for negotiating with suppliers for the Postal Service's NDGV Acquisitions program, and I am a warranted Contracting Officer myself. As a contracting officer, I seek to protect the Postal Service's confidential business and strategic information, including the contents of potential suppliers' responses to requests for proposals and the terms and conditions of contracts with Postal Service suppliers. Protecting confidential contract terms and confidential information submitted in response to requests for proposals is paramount to the Postal Service's mission to run like a business and effectively and efficiently deliver the nation's mail. The Postal Service would not be able to effectively operate like a business, freely negotiate contract terms, or receive competitive bids for its requests for proposals if it could not maintain the confidentiality of competitive terms in supplier contracts and the confidentiality of detailed research, design, and manufacturing information it receives in response to requests for proposals.

4. I have reviewed the relevant portions of defendant-intervenor's unredacted opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment provisionally filed in this litigation to evaluate whether defendant-intervenor's proposed redactions discuss confidential information. Eight of the statements contain commercially sensitive business information for which the Postal Service maintains confidentiality. A chart of the proposed

1 | redactions summarizing the reasons that the redactions are warranted is attached as Exhibit A.

2 |     5.    Two statements in defendant-intervenor's opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment (lines 17-23 and 26-27 of page 19; lines 1 and 26-28 of page 20) discuss the terms of a contract modification between Oshkosh and the Postal Service. Those terms are subject to a nondisclosure agreement. The Postal Service would be harmed if those terms were made public. Defendant-intervenor's cited information refers to the conditions and timing of specific contractual payments. Other suppliers with knowledge of these terms would have an informational advantage that they could use to exploit the Postal Service in future negotiations by, for example, seeking to delay or expedite certain installments of a contract. Competitors could also use this information to place themselves at an advantage in negotiations with suppliers.

    6.    One statement in defendant-intervenor's opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment (lines 7-11 of page 22) references sensitive terms of a vehicle order that the Postal Service placed with Oshkosh. Other suppliers could use this information to craft similar or more favorable terms when negotiating future delivery orders with the Postal Service. Competitors could also take advantage of their knowledge of the Postal Service's agreement to the details and timing of deliveries in negotiations with suppliers to undercut the Postal Service.

    7.    Two statements in defendants' unredacted opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment (at line 19 of page ii; and lines 22 and 24-27 of page 14, and lines 1-8 and 10-12 of page 15) reference an agreement relating to a contract between the Postal Service and Oshkosh LLC, the supplier for certain vehicles that the Postal Service has ordered under the NDGV Acquisitions program. The Postal Service would be harmed if the terms and existence of this agreement were made public. Because the agreement was specially negotiated and is unique to the Postal Service's contract with Oshkosh, and is subject to a nondisclosure agreement incorporated into the contract, revealing its existence and terms could harm the Postal Service's negotiating position with other suppliers. Other suppliers could, for

example, demand a similar agreement, and similar terms, and competitors could seek to undercut the Postal Service's terms to attract suppliers away from the Postal Service. These effects would irreparably harm the Postal Service's competitive standing.

8. Three statements in defendant-intervenor's unredacted opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment (lines 4-12 of page 4; lines 4-11 of page 6; and lines 9-17 and 20-22 of page 7) reference proprietary and confidential information submitted by a potential supplier to the Postal Service in response to the Postal Service's request for proposal. Maintaining the confidentiality of supplier's proprietary business information—including concerning vehicle performance, production capabilities, and research and design efforts—ensures that potential suppliers respond to the Postal Service's requests for proposals because they are confident that their sensitive information will not be made public. In addition, it ensures that potential suppliers continue to provide the detailed information about their capabilities that is necessary for the Postal Service to evaluate and compare bids in a competitive manner. Without those assurances, the Postal Service would receive fewer supplier bids and the bids it did receive would contain less detailed information. That would hamper the ability of the Postal Service to compete. In addition, because the sensitive supplier information at issue here involves a successful bid to manufacture delivery vehicles, its disclosure would further harm the Postal Service by providing competitors with access to confidential information about the specifications of postal vehicles and the production capabilities of a supplier.

9. The Postal Service does not publicly disclose commercially sensitive details in supplier contracts that concern specially negotiated agreements, terms and timing of payments, and provisions explaining the details of delivery orders. Similarly, the Postal Service does not publicly disclose commercially sensitive business information in potential vehicle suppliers' bids. I believe that disclosing this confidential information to the public would harm the Postal Service's ability to receive bids from potential suppliers, enter into favorable contracts with suppliers, and offer competitive products in the marketplace.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of July 2024.

_____
Martin R. Petrey
Senior Director
Facilities and Fleet Acquisition Portfolio

Martin Petrey
Digitally signed by Martin Petrey
Date: 2024.07.26 16:23:21 -04'00'

# Exhibit A to Petrey Declaration

## Summary of Highlighted Statements in Defendant-Intervenor's Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment

| Document title/description | Dkt. No. of redacted version | Dkt. No. of unredacted version | Dkt. No. of statement in support of sealing | Party with burden to substantiate need to seal | Full or partial sealing sought | Brief statement of reason for sealing | Granted? (leave blank) |
|---|---|---|---|---|---|---|---|
| Defendant-intervenor's opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment at line 19 of page ii | *CleanAirNow* Dkt. 95; *California* Dkt. 173 | *CleanAirNow* Dkt. 96-2; *California* Dkt. 168-2 | *CleanAirNow* Dkt. 102-1; *California* Dkt. 175-1 | Defendants / Defendant-Intervenor | Partial | Disclosure would reveal unique aspects of specially-negotiated contract between the Postal Service and a vehicle supplier, harming the Postal Service's competitive standing and the public interest. | |
| Defendant-intervenor's opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment at lines 4-12 of page 4 | *CleanAirNow* Dkt. 95; *California* Dkt. 173 | *CleanAirNow* Dkt. 96-2; *California* Dkt. 168-2 | *CleanAirNow* *CleanAirNow* Dkt. 102-1; *California* Dkt. 175-1 | Defendants / Defendant-Intervenor | Partial | Disclosure would reveal unique components of a supplier's confidential response to a request for proposal, harming the Postal Service's competitive standing and the public interest. | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Defendant-intervenor's opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment at lines 4-11 of page 6 | *CleanAirNow* Dkt. 95; *California* Dkt. 173 | *CleanAirNow* Dkt. 96-2; *California* Dkt. 168-2 | *CleanAirNow* Dkt. 102-1; *California* Dkt. 175-1 | Defendants / Defendant-Intervenor | Partial | Disclosure would reveal unique components of a supplier's confidential response to a request for proposal, harming the Postal Service's competitive standing and the public interest. | |
| Defendant-intervenor's opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment at lines 9-17 and 20-22 of page 7 | *CleanAirNow* Dkt. 95; *California* Dkt. 173 | *CleanAirNow* Dkt. 96-2; *California* Dkt. 168-2 | *CleanAirNow* Dkt. 102-1; *California* Dkt. 175-1 | Defendants / Defendant-Intervenor | Partial | Disclosure would reveal unique components of a supplier's confidential response to a request for proposal, harming the Postal Service's competitive standing and the public interest. | |
| Defendant-intervenor's opposition to plaintiffs' motion for summary judgment and cross-motion for summary | *CleanAirNow* Dkt. 95; *California* Dkt. 173 | *CleanAirNow* Dkt. 96-2; *California* Dkt. 168-2 | *CleanAirNow* Dkt. 102-1; *California* Dkt. 175-1 | Defendants / Defendant-Intervenor | Partial | Disclosure would reveal unique aspects of specially-negotiated contract between the Postal Service and a vehicle supplier, harming the Postal Service's | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| judgment at lines 22 and 24-27 of page 14 and lines 1-8 and 10-12 of page 15 | | | | | | competitive standing and the public interest. | |
| Defendant-intervenor's opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment at lines 17-23 and 26-27 of page 19 | *CleanAirNow* Dkt. 95; *California* Dkt. 173 | *CleanAirNow* Dkt. 96-2; *California* Dkt. 168-2 | *CleanAirNow* Dkt. 102-1; *California* Dkt. 175-1 | Defendants / Defendant-Intervenor | Partial | Disclosure would reveal confidential payment terms contract between the Postal Service and a vehicle supplier, harming the Postal Service's competitive standing and the public interest. | |
| Defendant-intervenor's opposition to plaintiffs' motion for summary judgment and cross-motion for summary judgment at lines 1 and 26-28 of page 20 | *CleanAirNow* Dkt. 95; *California* Dkt. 173 | *CleanAirNow* Dkt. 96-2; *California* Dkt. 168-2 | *CleanAirNow* Dkt. 102-1; *California* Dkt. 175-1 | Defendants / Defendant-Intervenor | Partial | Disclosure would reveal confidential payment terms of a contract between the Postal Service and a vehicle supplier, harming the Postal Service's competitive standing and the public interest. | |
| Defendant-intervenor's opposition to plaintiffs' | *CleanAirNow* Dkt. 95; *California* Dkt. 173 | *CleanAirNow* Dkt. 96-2; *California* Dkt. 168-2 | *CleanAirNow* Dkt. 102-1; *California* Dkt. 175-1 | Defendants / Defendant-Intervenor | Partial | Disclosure would reveal confidential delivery terms of a contract between the | |

| motion for summary judgment and cross-motion for summary judgment at lines 7-11 of page 22 | | | | | Postal Service and a vehicle supplier, harming the Postal Service's competitive standing and the public interest. | |